UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIDER BAYONA MENESES, | Case No. 1:26-cv-04040-NW |
| Petitioner, | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*, | Re: ECF Nos. 1, 2 |
| Respondents. | |

This habeas action concerns the detention of Jaider Bayona Meneses, a noncitizen who was released from immigration detention by the Department of Homeland Security ("DHS") on June 1, 2023, but was recently re-detained. This matter is before the Court on Petitioner's writ of habeas corpus and motion for temporary restraining order. *See* ECF Nos. 1, 2. For the reasons explained below, the Court GRANTS Petitioner's writ of habeas corpus in part, and orders that Petitioner be provided a substantive bond hearing before an immigration judge. Petitioner's motion for a temporary restraining order is resolved as moot.[1]

I.      **BACKGROUND**

Petitioner is a citizen of Venezuela who entered the United States with his mother on or about June 6, 2023. ECF No. 1 ¶ 3; ECF No. 7-1 at 4. Upon entry, Petitioner was briefly detained by DHS, and then released from custody "on an Order of Release on Recognizance." ECF No. 7-1 at 4, 11. Petitioner was concurrently served with a Notice to Appear charging him with inadmissibility pursuant to the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), and placing him in

---

[1] In setting a briefing schedule on the habeas petition, the Court indicated that it intended to rule on the habeas petition and motion for a temporary restraining order together. ECF No. 5. Neither party objected to this process in their response.

United States District Court
Eastern District of California

removal proceedings.  *Id.*  Since his release over three years ago, Petitioner began attending high school, applied for Temporary Protected Status,[2] and began work as a mechanic.  ECF No. 1 ¶¶ 4–5.

Respondents contend that Petitioner violated the terms of his release following an "encounter with law enforcement."  ECF No. 7 at 3.  In support, Respondents attached an I-213 Form (ECF No. 7-1), which indicates that Petitioner was arrested in Addison, Texas for "EVADING ARREST/DETENTION WITH VEHICLE."  *Id*. at 4.  Respondents also submitted Petitioner's RAP sheet, which notes that the Addison County prosecutor has since charged Petitioner.  *Id*. at 17–18.

Petitioner was re-detained by ICE on April 29, 2026, following his release from county jail.  ECF No. 1 ¶ 6.  On May 27, 2026, Petitioner filed a petition for writ of habeas corpus, arguing that his re-detention without a finding of flight risk or danger violates the due process clause of the Fifth Amendment.  *Id*. ¶¶ 39–50.  He requests that he be immediately released from custody.  *Id*. ¶ 53.  In opposition, Respondents argue that he may be mandatorily detained under 8 U.S.C. § 1225(b), and that his release was properly revoked following his encounter with law enforcement.  ECF No. 7 at 2–3.

## II.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v.*

_____

[2] Petitioner contends that his Temporary Protected Status was terminated, and does not challenge that termination in his petition.

United States District Court
Eastern District of California

*Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

### A.    Petitioner May Not be Detained Under 8 U.S.C. § 1225.

Before turning to Petitioner's due process claim, the Court addresses whether Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b) as Respondents contend.  *See* ECF No. 7 at 2.  This Court—as well as the majority throughout the Ninth Circuit—have already concluded that Section 1225(b) does not apply to non-citizens like Petitioner who were previously released by the government on their own recognizance.  *See, e.g.*, *Ojeda v. Warden, California City*, No. 1:26-CV-03561 (AMO), 2026 WL 1475816 (E.D. Cal. May 26, 2026) (collecting cases); *Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, * 8–12 (N.D. Cal. Sept. 12, 2025); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025).  "Such expansive interpretation of § 1225(b)[] is unlawful as applied to non-citizens," like Petitioner, "who have been released by DHS on their own recognizance into the interior of the country."  *Cornejo v. Andrews*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026).

### B.    Petitioner's Re-Detention Violated Due Process.

As Respondents do not identify any other statute justifying Petitioner's detention, the Court next turns to his due process claim.  Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution."  *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

#### 1.    Liberty Interest

The Court finds that Petitioner obtained a liberty interest in his continued freedom following his release from custody over three years ago.  "[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."  *Pinchi v.*

*Noem*, 792 F.Supp.3d 1025, 1032–33 (N.D. Cal. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").  As such, the Government's election to release Petitioner "provided [him] with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at \*4 (N.D. Cal. Apr. 29, 2026); *see also He v. Lyons*, No. 25-CV-10639-JSC, 2026 WL 280074, at \*3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, 791 F.Supp.3d 1021, 1029 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 1771438, at \*3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### 2.    Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v. Eldridge* in considering what process is due in the immigration context.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).  There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because he has been released pending civil removal proceedings for over three years.  During those years he has developed ties in his community; he has attended high school, lives with his family in the United States, and began work as a mechanic.  "[His] detention denies [him] that freedom." *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025).

Turning to the second factor, there is a risk of erroneous deprivation because Petitioner has not been afforded a hearing.  In releasing Petitioner on his own recognizance in 2023, DHS necessarily concluded that he was not a flight risk or danger to the community.  *Noori v. LaRose, et al.,* 2025 WL 2800149, at 13 * (S.D. Cal. Oct. 1, 2025) (In general, "'[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'") (quoting *Saravia v. Sessions,* 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions,* 905 F.3d 1137 (9th Cir. 2018)).  Redetaining Petitioner without any demonstration that he violated the terms of his release could result in a mistaken deprivation of his liberty.

The record, however, shows that Petitioner may have violated the terms of his release when he was arrested in March 2026.  But the relevant question is whether that event constitutes changed circumstances that would justify an immigration judge revoking Petitioner's release.

In instances where the Government has previously detained and then released a noncitizen, Courts in this Circuit have generally ordered release and a pre-deprivation hearing.  But some courts have found that, under circumstances where an individual has been arrested for a serious offense, "providing Petitioner with notice and a pre-deprivation hearing [prior to detention] would have been impracticable and/or would have motivated his flight." *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *12 (E.D. Cal. Nov. 24, 2025) (collecting cases ordering bond hearings, rather than release, under similar circumstances).  "[A]llowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R.*, 791 F.Supp.3d at 1035.  Thus, the Court concludes that prompt, post-deprivation process is required here.

The final *Mathews* factor also weighs in Petitioner's favor.  Although the Government has a strong interest in enforcing the immigration laws, its' interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d at 970; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025).  In immigration court, custody hearings are routine and impose a "minimal" cost. *Id*. at 1094.  Providing Petitioner with a post-deprivation hearing here would impose a minimal burden on the Government relative to due process concerns.

5

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Petition is GRANTED in part.  IT IS HEREBY ORDERED that:

1.    Petitioner SHALL be provided a *substantive* in-person bond hearing, in this district, within fourteen (14) days at which an Immigration Judge will determine whether Petitioner poses a risk of flight or a danger to the community if he is released.

2.    At any such hearing, the Government SHALL bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

3.    Petitioner SHALL be allowed to have counsel present, in person, and SHALL be provided a reasonable opportunity to meet and confer in person with counsel in advance of the hearing.

4.    The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: July 1, 2026

Noël Wise
United States District Judge